[No. 11381.  Department One.  January 6, 1914.]

F. H. SCHREIBER, *Appellant*, v. ADVANCE THRESHER COMPANY, *Respondent.*[2]

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered June 24, 1912, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Cornelius & Hooper*, for appellant.

*Herbert L. Kimball*, for respondent.

PER CURIAM.—The Advance Thresher Company sold, through the Schreiber Implement Company, a threshing machine and engine to one Lee Corum. The Schreiber Implement Company was entitled to a commission of $356.27, which was evidenced by commission certificates. These certificates provided that they should be paid out of the moneys to be collected from Corum. Corum held a piece of land under an executory contract of sale. He afterwards became insolvent and assigned his interest in the contract to the land to the Advance Thresher Company to secure the payment of the amount due it and the Schreiber Implement Company. The contract was

[1] Reported in 137 Pac. 332.
[2] Reported in 137 Pac. 454.

afterwards forfeited for nonpayment of interest. The Schreiber Implement Company assigned its claim to the plaintiff, who brings this action, alleging that it was agreed by the Advance Thresher Company, acting through its general agent, one Humphrey, that it would look after the interest of both parties, care for the land and meet the payments of principal and interest as they matured. The authority of the agent Humphrey is defined by a power of attorney which is in evidence. The court found that, if such promise were made, it was not binding upon the company for the reason that the agent had no power to guarantee any engagements that were collateral to the business carried on by the company; and further, that plaintiff had not proven by a preponderance of the evidence that the Advance Thresher Company had engaged itself to look after the land and the payments upon the contract; but, on the contrary, subsequent dealings with Corum, and with another to whom the land was rented after Corum had absconded, were carried on principally by the plaintiff in this action.

We deem it unnecessary to detail the evidence. It is sufficient to say that we have read the record and believe, with the trial judge, that the plaintiff has not sustained the burden of proof, but, on the contrary, the evidence preponderates upon the main issue in favor of the defendant.

Affirmed.